A. M. LAY ET AL. v. BLANKENSHIP & Co.

(No. 1735.)

JURISDICTION is determined by amount claimed in petition; in doubtful cases all presumptions are in favor of jurisdiction.

APPEAL from Caldwell county. Opinion by WATTS, J.

STATEMENT.— Appellees sued appellants in the district court to recover $300, the alleged value of five bales of cotton, and also $300 exemplary damages for the fraudulent and malicious disposition and conversion of same. Appellants' answer comprised a general denial, general demurrer and special answer, which latter was stricken out on general demurrer by appellees. Appellants' general demurrer was overruled, and upon hearing the evidence court rendered judgment in favor of appellees for $286.16. The motion in arrest of judgment calls in question the jurisdic-

tion of the court over the subject-matter. A motion for a new trial being overruled, this appeal is prosecuted, and the only errors noticed in the opinion are such as relate to the jurisdiction of the court over the subject-matter of the suit.

OPINION.— As a general rule, in actions *ex contractu* the question of jurisdiction is determined by the amount of damages claimed in the petition, and not by the amount recovered. But where it appears that the party claimed damages not recoverable under the facts and circumstances of the case, and that this was done for the purpose of conferring jurisdiction where it would not attach if the demand had been properly stated, the cause will be dismissed. However, if there is a reasonable doubt as to whether the damages claimed are or are not recoverable, and where the party might have had reasonable ground for believing that he would recover an amount sufficient to confer jurisdiction, the case will not be dismissed, and in all doubtful cases of this kind all presumptions will be in favor of jurisdiction. Graham *v.* Roder, 5 Tex., 146; Bridge *v.* Ballew, 11 Tex., 270. It admits of doubt whether the demand, as stated in the petition, would confer jurisdiction upon the district court. While the value of the cotton is alleged to be $300, exemplary damages are claimed to the amount of $300, thus fixing the amount at $600.

As a basis for the claim for exemplary damages appellants are charged with combination, fraud and malice in selling the cotton. Fraud or malice may constitute the foundation for such a claim, and under certain circumstances will warrant a recovery therefor. One of the reasons given for allowing this class of damages is that it is in the nature of a punishment and results in deterring a party from a repetition of such practices, and thereby protects the public against them.

A party may be actuated by ill-will, or design to injure, yet if there is probable cause, no recovery for exemplary damages can be had. Culbertson *v.* Cabeen, 29 Tex., 255.

18

And so in cases of malicious prosecution. Landa *v.* Obert, 45 Tex., 539. It seems clear to us that the damages were alleged for the purpose of improperly conferring jurisdiction upon the district court.

REVERSED AND DISMISSED.